**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0364, <u>Robin Boutin v. Juan Rivera Ortiz</u>, the court on December 18, 2015, issued the following order:**

Having considered the defendant's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Juan Rivera Ortiz, appeals a domestic violence final order of protection issued by the Circuit Court (<u>Lyons</u>, J.), in favor of the plaintiff, Robin Boutin. <u>See</u> RSA 173-B:5 (Supp. 2015). We construe his brief as challenging the sufficiency of the evidence to support the order. To the extent the defendant also challenges the trial court's rulings in a separate parenting proceeding, we note that, in accordance with our order of July 17, 2015, that proceeding is not properly before us in this appeal.

It is the defendant's burden, as the appealing party, to provide this court with a record that is sufficient to decide the issues he is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Absent a transcript of the final hearing, we must assume that the evidence submitted at trial was sufficient to support the trial court's order. <u>Bean</u>, 151 N.H. at 250. We confine our review only to those issues that the defendant has fully briefed. <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003). These procedural rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

In this case, the defendant has not provided a transcript of the final hearing on the plaintiff's petition for a protective order. Accordingly, we must assume that the evidence was sufficient to support the final order of protection issued by the trial court. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Nor has the defendant presented any fully developed legal arguments in his brief establishing that the trial court erred. <u>See</u> <u>Blackmer</u>, 149 N.H. at 49. Accordingly, we affirm the final order of protection issued by the trial court in this case.

In light of this order, the plaintiff's request for an opportunity to file a brief and respond to the allegations in the defendant's brief, which we treat as a motion to reconsider our order of November 19, 2015, is moot.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**